# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2607 | **DATE** | 5/19/2004 |
| **CASE TITLE** | Hausklnecht vs. Naperville School District | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated above, the Court grants defendant's motion for summary judgment (Document #8). Judgment is entered in favor of the defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 2 1 2004 date docketed | 19 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHLEEN HAUSKNECHT, )
)
Plaintiff, )
)
vs. ) Case No. 03 C 2607
)
NAPERVILLE SCHOOL DISTRICT UNIT )
203, )
)
Defendant. )

DOCKETED
MAY 21 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Kathleen Hausknecht, a former teacher in Naperville School District 203, has filed suit under 42 U.S.C. § 1983 against the District claiming that Sally Pentecost, the principal at the school where Hausknecht taught, repeatedly gave her negative evaluations which ultimately led to her termination in retaliation for reporting the suspected abuse of a thirteen-year-old student. Hausknecht claims this violated her right to free speech under the First Amendment of the United States Constitution. Hausknecht also brings a state law claim pursuant to the Illinois Abused and Neglected Child Reporting Act, 352 ILCS 5/4, 5/9 based on the same set of facts. The District has moved for summary judgment, contending that Hausknecht cannot establish the District's liability for the alleged violation; that Hausknecht did not engage in constitutionally protected speech; and that even if she did, she has failed to establish a causal connection between her speech and the District's decision not to renew her contract. For the foregoing reasons, the Court grants the District's motion for summary judgment.

19

**Background**

Kathleen Hausknecht was hired as a teacher for Naperville Community Unit School District 203 for the 1999-2000 school year at Madison Junior High School. Under the Illinois School Code, teachers attain the status of "Continued Contractual Service" or tenure after serving a probationary period of four consecutive school terms. 105 ILCS 5/24-11. The District uses a written evaluation plan for all teachers which consists of several observation periods followed by a written observation report and post-observation conference. Each teacher is also given a mid-year and year-end performance evaluation.

In December 1999, Hausknecht was observed by Sally Pentecost, who currently serves as principal of the school but at the time was assistant principal. Pentecost gave Hausknecht constructive criticism regarding her lesson planning and delivery. Hausknecht's performance evaluations were given by then principal, Predonna Roberts, who rated Hausknecht's performance as "satisfactory" at the mid-year mark, and "excellent" at the end of the school year. In her second year at the school, Hausknecht was again observed by assistant principal Pentecost in September 2000. Pentecost again raised issues regarding Hausknecht's lesson planning and delivery.

In October 2000, Hausknecht became aware of a situation involving a 13-year-old female student, referred to in the complaint as Jane Doe. Based on e-mail exchanges and conversations at school, Hausknecht began to suspect that Doe was being physically abused by her mother. Hausknecht gave Doe a camera to obtain evidence of her abuse and encouraged her to make a report to the school counselor, Deborah Olsen. The policy of the school was that any teacher suspecting that a student is being abused should advise the student's counselor, who was then

2

required to file a report with the Illinois Department of Children and Family Services. Doe reported her abuse claim to Olsen on October 16, 2000, but Olsen was hesitant to file a report with DCFS due to a perceived lack of evidence substantiating the student's concerns. And according to Hauskenecht, Pentecost, who had become principal shortly after Doe reported her abuse claim to Olsen, did not want Olsen to report the matter because Doe's mother was a teacher in the adjoining school district. Plaintiff's Complaint ¶ 8.

On October 18, 2000, Hausknecht was observed by Pentecost, who again expressed the same criticisms that she had previously raised regarding Hausknecht's lesson planning and delivery.

On October 20, 2000, Jane Doe's parents brought to the school copies of the e-mails that had been exchanged between Hausknecht and Jane Doe and complained to the principal and the School District about this contact outside of school. Hausknecht was instructed to cease any further e-mails with the student, and she agreed to do so.

In December 2000, Pentecost, who by this time was principal of the school, gave Hausknecht a "satisfactory" rating for her mid-year evaluation. Pentecost also observed Hausknecht twice in January 2001 and again criticized her on her lesson planning and delivery. Despite these criticisms, however, Pentecost gave Hausknecht another "satisfactory" rating for her year-end review, and Hausknecht was retained for the following year.

When Hausknecht returned for her third year of teaching, Erin Anderson had been hired as assistant principal. Anderson (who evidently was not at Madison School when the Jane Doe incident occurred) observed Hausknecht in the fall of 2001 and was also displeased with her lesson planning and delivery. As a result, Anderson gave Hausknecht a rating of "unsatisfactory"

in her mid-year report. The report noted that "although she had a genuine care and concern for students..., she continued to struggle in the area of planning and preparation." Defendant's Exhibit 11. The report also noted that the school's administration was "committed to assisting Mrs. Hausknecht where possible" and "hope[d] to see significant improvement in the areas mentioned." *Id.*

Hausknecht was observed again on February 11, 2002 by Charles Fuller and on February 27, 2002 by Pentecost. Both administrators found Hausknecht's lesson planning to be deficient. In March 2002, Hausknecht received another "unsatisfactory" rating, and she was advised that she would not be recommended for continued employment with the School District. The year-end report noted that "while some attempts were made by Mrs. Hausknecht to address concerns, those efforts were inconsistent and met with varying levels of success." Defendant's Exhibit 16.

In March 2002, the Board of Education of the District voted not to rehire Hausknecht for the 2002-2003 school year. In April 2003, Hausknecht filed this suit, claiming that she was terminated in retaliation for exercising her First Amendment rights with respect to the child abuse report and her obligations under the Illinois Abused and Neglected Child Reporting Act.

## Discussion

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court evaluates admissible evidence in the record in the light most favorable to the nonmoving party. *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002). But "[t]he nonmovant will successfully oppose summary judgment only when it presents

'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Tr. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) (citation omitted). "The mere denial of a particular fact without specific references to affidavits, parts of the record, and other supporting materials is insufficient, and, where a properly supported factual assertion is met with such a naked denial, the fact may be deemed admitted." *Fuller v. Caterpillar Inc.*, 124 F. Supp. 2d 610, 614 (N.D. Ill. 2000).

## I. Retaliation

In order for Hauskenecht to succeed on her retaliation claim for the exercise of her First Amendment rights, she must show that her speech was constitutionally protected and that the District's actions were motivated by her constitutionally protected speech. If she can do so, the burden shifts to the District to show that it would have taken the same action in the absence of Hauskenecht's exercise of her rights under the First Amendment. If the District carries that burden, Hauskenecht bears the burden to show that the District's proffered reasons were pretextual and that discrimination was the real reason for her termination. *Vukadinovich v. Bd. of Sch. Tr. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002).

### A. Constitutionally Protected Speech

The Board claims that Hauskenecht did not engage in constitutionally protected speech because she did not actually report Doe's alleged abuse. According to the Board, Hauskenecht merely supported Doe in her decision to report the abuse to Deborah Olsen, the school counselor, who then reported the matter to DCFS. This conduct, according to the Board, is not entitled to First Amendment protection. Hauskenecht contends that Olsen filed a report with DCFS only after Hauskenecht pressured her. Because we can decide this motion based on the motivating

factor issue alone, we need not decide whether Hauskenecht's speech is constitutionally protected. We assume for present purposes that her speech was constitutionally protected and turn to the question of whether her speech was the substantial or motivating factor for her termination.

## B. Substantial or Motivating Factor

The Court's role in evaluating Hauskenecht's retaliation claim is to determine whether a reasonable jury could find that her abuse report was a substantial or motivating factor in the District's decision not to rehire her. *Stagman v. Ryan*, 176 F.3d 986, 1002 (7th Cir. 1999). To survive the District's motion for summary judgment, Hauskenecht must present evidence from which a reasonable jury could find that "'but for' [her] protected activities" she would not have been terminated from her teaching position. *Id.* at 1003. Hauskenecht argues that the alleged constitutional violations she suffered were committed pursuant to a widespread policy established by Pentecost, which, because she was the primary decision maker at the school had the force of law, thereby making the District liable. Though it is unclear whether these allegations are sufficient to impose liability upon the District, the Court does not believe resolution of this question is essential to the disposition of this claim.

Hauskenecht asserts that the Board's decision not to rehire her was substantially based on the fact that she reported the suspected physical abuse of Doe. She claims that her pressuring of Olsen to file an abuse report with DCFS against principal Pentecost's expressed wishes, angered Pentecost and caused her to give Hauskenecht negative performance evaluations, which in turn ultimately led the school administration to recommend to the School Board that Hauskenecht not be retained as a teacher. Hauskenecht's claim is unsupported; she has failed to establish a causal

link between her protected conduct and the actions of either Pentecost or the School Board.

First, Hauskenecht has presented no direct evidence that Pentecost took her protected conduct into account in conducting her performance evaluations or that the Board did so in their decision not to renew her contract. Direct evidence is evidence which, if believed by the finder of fact, "will prove the particular fact in question without reliance upon inference or presumption." *Volosek v. Wisconsin Dept. of Agriculture*, 344 F.3d 680, 689 (7th Cir. 2003). Further, there is no indication that the School Board even knew about the Doe incident, let alone considered it in its decision not to renew Hauskenecht's contract. Rather, the evidence reflects that the Board's decision was based on the recommendation of the school's administration.

Hauskenecht's failure to offer direct evidence of retaliation, however, is not fatal to her claim. To support a claim for retaliatory treatment, Hauskenecht need only allege a chronology of events from which retaliation may be inferred. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir.1994). However, Hauskenecht has failed to satisfy this standard.

She argues that the timing of her lower performance reviews supports her retaliation claim, claiming that Pentecost began giving negative reviews shortly after Hauskenecht urged the reporting of the alleged abuse of Doe. The evidence, however, reflects that Pentecost began criticizing Hauskenecht's lesson planning and delivery long before the Doe incident ever took place. These same criticisms were consistently raised throughout the entire period that Hauskenecht was a teacher with the school district. *See* Hausknecht Deposition pp. 46-53, 55-72; Defendant's Exhibits 2, 5-9, 11-13, 15-16. In defending a motion for summary judgment, Hauskenecht may not "rest upon the mere allegations or denials of the [Board's] pleadings", but she must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P.

7

56(e). Hauskenecht has failed to offer any "specific facts" that the abuse report had any bearing on her performance evaluations.

Hauskenecht contends that Pentecost could not have successfully retaliated against her had she immediately diminished Hauskenecht's performance evaluations from excellent to unsatisfactory. This argument offers little in terms of establishing the necessary casual connection between Hauskenecht's abuse report and her being downgraded in her performance reviews. Moreover, the record indicates that Hauskenecht's performance was downgraded from "satisfactory" to "unsatisfactory" not by Pentecost, but by assistant principal Erin Anderson. Hauskenecht was also given a similar negative evaluation shortly thereafter by Charles Fuller. Hauskenecht has presented no evidence that either of these individuals were even aware of the Doe incident, much less that they based their evaluations of her performance on it.

The Court's finding that there is no indirect evidence of a causal connection is further supported by the substantial time lapse between the abuse report and the non-renewal of her contract. The first unsatisfactory evaluation of Hauskenecht occurred over a year after the Doe incident, and it was not until seventeen months after the incident that Hauskenecht was told she would not be recommended for rehiring. This substantial lapse in time undercuts the claim of a causal connection between these events. *See Johnson v. University of Wisconsin-Eau Claire*, 70 F.3d 469, 480 (7th Cir. 1995) (plaintiff's termination based on performance reviews that occurred sixteen months after alleged First Amendment conduct took place did not support a causal connection.)

Finally, Hauskenecht has forwarded no evidence to establish that the District's claim that she was terminated for unsatisfactory job performance was pretextual. She has not offered

evidence that she was treated differently than similarly situated individuals. Moreover, she has not attempted to offer any evidence that her negative reviews were unwarranted or that they were an insufficient basis for termination. Rather, Hauskenecht merely makes the bald assertion that Pentecost "used a pretext performance deficiency to make the case for termination and retaliation against [her]." However, her subjective belief that the Board's actions were retaliatory and that the Board's claimed reasons for terminating her were pretextual in nature does not create a genuine issue of material fact. *Johnson*, 70 F.3d at 479-80. As a result, summary judgment on this claim is proper.

**II.    State Law Claim**

Hauskenecht has also filed a state law claim under the Illinois Abused and Neglected Child Reporting Act alleging she was terminated in retaliation for carrying out her obligation to report suspected abuse. Assuming Illinois recognizes a cause of action under this statute, and assuming Hauskenecht could show that her actions constituted activity protected under the Act, her claim of retaliation must fail for the same reason as her § 1983 claim, namely for lack of evidence from which a reasonable jury could find a causal connection between her report of abuse and the District's decision not to rehire her.

**Conclusion**

For the reasons stated above, the Court grants defendant's motion for summary judgment [Docket # 8]. The Clerk is directed to enter judgment in favor of the defendant.

MATTHEW F. KENNELLY
United States District Judge

Date: May 19, 2004